DANIEL G. BOGDEN
United States Attorney
District of Nevada
BLAINE T. WELSH
Assistant United States Attorney
Nevada Bar No. 4790
333 Las Vegas Boulevard South, Suite 5000
Las Vegas, Nevada 89101
Telephone: (702) 388-6336
Facsimile: (702) 388-6787
Email: Blaine.Welsh@usdoj.gov
Attorneys for the United States

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br><br>**STEVE HERBERT HOFSAESS**<br><br>Debtor. | Case No. 2:13-cv-01161-RCJ<br><br>Appeal Ref. No. 13-22 |
| **STEVE HERBERT HOFSAESS AND CHRISTOPHER G. GELLNER, ESQ.,**<br><br>Appellants<br>v.<br><br>**TRACY HOPE DAVIS,**<br>**UNITED STATES TRUSTEE, REGION 17,**<br><br>Appellee. | Bankr. Case No. 2:08-bk-23761-btb<br><br>Chapter 11 |

### UNOPPOSED MOTION FOR LIMITED REMAND AND RELATED RELIEF

The United States of America respectfully requests that this honorable Court grant this motion for the following reasons:

1. The Parties have reached agreement that will likely resolve both this appeal and the bankruptcy proceeding. A copy of the Stipulation Resolving All Issues ("Stipulation") is attached to this Motion as an Exhibit.

2. In order to obtain bankruptcy court approval of the agreement, the parties request that the Court:

Remand this case back to the bankruptcy court to consider the settlement contained therein;

Stay this appeal and vacate the current briefing schedule;

Order the Clerk of this Court to transfer the $11,961 (the "Funds") held in the registry of this Court to the to the Clerk of the United States Bankruptcy Court for the District of Nevada, as soon as possible after entry of this Order.

As indicated in the attached Stipulation, if the Stipulation is approved by the bankruptcy court and the terms are implemented, the parties will request that this appeal be dismissed with prejudice and without costs to any party.

In the alternative, if the bankruptcy court does not approve the Stipulation, the parties will request that the appeal be reinstated and a new briefing schedule be set.

This unopposed motion and the attached Stipulation promote the orderly resolution of the controversy and judicial economy.

Mr Hofsaess and Mr. Gellner do not oppose this motion and have agreed to the terms of both this Unopposed Motion and the Stipulation.

Respectfully submitted this ____ day of February 2014.

_____
STEVE HERBERT HOFSAESS
Appellant
Consented to In Form and Substance

_____
CHRISTOPHER G. GELLNER
Appellant
Consented to In Form and Substance

DANIEL G. BOGDEN
United States Attorney

_____
BLAINE T. WELSH
Assistant United States Attorney
Attorneys for Appellee

IT IS SO ORDERED:

_____
UNITED STATES DISTRICT JUDGE

DATED _____

2

      a.    Remand this case back to the bankruptcy court to consider the settlement contained therein;

      b.    Stay this appeal and vacate the current briefing schedule;

      c.    Order the Clerk of this Court to transfer the $11,961 (the "Funds") held in the registry of this Court to the to the Clerk of the United States Bankruptcy Court for the District of Nevada, as soon as possible after entry of this Order.

3.    As indicated in the attached Stipulation, if the Stipulation is approved by the bankruptcy court and the terms are implemented, the parties will request that this appeal be dismissed with prejudice and without costs to any party.

4.    In the alternative, if the bankruptcy court does not approve the Stipulation, the parties will request that the appeal be reinstated and a new briefing schedule be set.

5.    This unopposed motion and the attached Stipulation promote the orderly resolution of the controversy and judicial economy.

6.    Mr Hofsaess and Mr. Gellner do not oppose this motion and have agreed to the terms of both this Unopposed Motion and the Stipulation.

Respectfully submitted this 24th day of February 2014.

_____
STEVE HERBERT HOFSAESS
Appellant
Consented to In Form and Substance

_____
CHRISTOPHER G. GELLNER
Appellant
Consented to In Form and Substance

DANIEL G. BOGDEN
United States Attorney

/s/ Blaine T. Welsh
BLAINE T. WELSH
Assistant United States Attorney
Attorneys for Appellee

IT IS SO ORDERED:

_____
UNITED STATES DISTRICT JUDGE

DATED __ March 14, 2014

Scott Andrew Farrow
Acting Assistant United States Trustee
*scott.a.farrow@usdoj.gov*

United States Department of Justice
Office of the United States Trustee
300 Las Vegas Boulevard South, Suite 4300
Las Vegas, Nevada 89101
Tel: (702) 388-6600 Ext. 234
Fax: (702) 388-6658

Attorney for the United States Trustee for Region 17

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| In re:<br>**STEVE HERBERT HOFSAESS,**<br>             Debtor. | **Case No. 2:08-bk-23761-btb**<br>**Chapter 11** |
| **STEVE HERBERT HOFSAESS AND CHRISTOPHER G. GELLNER, ESQ.,**<br>             Appellants<br>      v.<br>**TRACY HOPE DAVIS,**<br>**UNITED STATES TRUSTEE, REGION 17,**<br>             Appellee. | |

**STIPULATION RESOLVING ALL ISSUES**

Appellants Steve Herbert Hofsaess and Christopher G. Gellner and Appellee, the United States Trustee, stipulate and agree as follows (all collectively referred to as the "Parties"):

**RECITALS**

A.    On May 3, 2013, the United States Trustee filed a Motion for an Order Disgorging Attorney Compensation pursuant to 11 U.S.C. § 329 (the "Motion to Disgorge").

- 1 -

B.     On June 25, 2013, after a hearing was held on the Motion to Disgorge, the United States Bankruptcy Court entered an Order (the "Disgorgement Order"):  (1) granting the Motion to Disgorge; (2) ordering Christopher G. Gellner, Esq. to disgorge fees; (3) revoking Christopher G. Gellner, Esq.'s rights to use the Case Management/Electronic Case Files ("CM/ECF") system for 180 days; and, (4) requiring Christopher G. Gellner, Esq. to show that he had retaken the CM/ECF Las Vegas Training course and had completed four (4) credit hours of continuing legal education ethics training before he could apply to have his CM/ECF filing rights reinstated.

C.     On June 27, 2013, Appellants filed a Notice of Appeal of the Disgorgement Order and a Notice of Election to Have Appeal Heard by District Court.

D.     The matter was assigned to the Honorable Robert C. Jones, Case No. 2:13-cv-01161-RCJ.

E.     On September 27, 2013, the District Court ordered Mr. Gellner to deposit with the United States District Court $11,961 (the "Funds"), and he deposited those funds on November 4, 2013.

F.     Subsequently, the District Court granted the United States' Unopposed Motion for Limited Remand and transferred the Funds to the registry of this Court.

The parties, through their respective counsel of record, have negotiated and reached a stipulation that would, if approved, resolve the appeal of the Disgorgement Order ("Appeal").

**Based on the foregoing, THE PARTIES HEREBY STIPULATE AND AGREE AS FOLLOWS:**

1.     The Parties hereby stipulate and agree to the following resolution of the Bankruptcy proceedings:

a.     Immediately upon approval of this Stipulation, Mr. Gellner's electronic filing rights in Bankruptcy Court shall be restored, and within three (3) months Mr. Gellner shall file with the Bankruptcy Court proof that he has taken four (4) hours of CLE credits in ethics.

       b.     Immediate upon approval of the Stipulation, the Funds shall be paid to Mr. Hofsaess.

          i.     Mr. Hofsaess shall hold the Funds in trust pending:

              (1)     The granting of a motion filed by the United States Trustee requesting the modification of the confirmed plan of reorganization pursuant to 11 U.S.C. § 1127(e)(1) (the "Motion"), and if the Motion is granted Mr. Hofsaess shall distribute the Funds as provided in the order approving the Motion; or

              (2)     If the Motion is not granted by the Court, Mr. Hofsaess shall keep the Funds for his own use.

                a)     Notwithstanding the foregoing, in no event, shall Mr. Hofsaess convey these Funds or any other funds to Mr. Gellner for any services related to these bankruptcy proceedings.

       c.     Mr. Gellner shall not accept any money from any source for any services he performed for Mr. Hofsaess in the bankruptcy proceedings.

       d.     Within ninety (90) days after approval of this Stipulation, the United States Trustee shall file the Motion.

          i.     Neither Mr. Gellner nor Mr. Hofsaess shall file objections to the Motion, and both agree to be bound by any order of the Court approving the Motion.

       e.     The Motion shall provide as follows:

          i.     A proposed distribution of the Funds now held by Mr. Hofsaess to the creditors of this estate.

          ii.     Within sixty (60) days after entry of an order approving the Motion, Mr. Hofsaess shall make the distribution set forth in the Court's order approving the Motion and shall file an affidavit averring that he has distributed the Funds in accord with the order ("Affidavit").

2.     Mr. Hofsaess agrees that he shall not seek entry of a discharge in the bankruptcy proceedings until the earlier of:

- 3 -

a. An order denying the Motion; or

b. The Motion is granted and the Affidavit is filed.

3. If the Stipulation is approved by the Bankruptcy Court, the United States Trustee shall not file any further motions to disgorge monies paid by Mr. Hofsaess to Mr. Gellner for services performed in the bankruptcy proceedings.

4. Upon the earlier of the following, the Parties agree to jointly request dismissal of the Appeal with prejudice and without costs to any party:

a. An order denying the Motion; or

b. The Motion is granted and the Affidavit is filed.

**IT IS SO STIPULATED AND AGREED.**

| DATED: 2/24/2014 | DATED: 2-24-14 |
|---|---|
| UNITED STATES TRUSTEE | |
| By: SCOTT ANDREW FARROW<br>Acting Assistant United States Trustee | By: CHRISTOPHER G. GELLNER<br>Appellant |
| DATED: 2-17-14<br><br>By: STEVE HERBERT HOFSAESS<br>Appellant | |

4